[Cite as *State v. Stevens*, 2014-Ohio-4875.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO.  8-14-09

      v.

ROBERT D. STEVENS,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR11-12-0258

Judgment Affirmed

Date of Decision:   November 3, 2014

APPEARANCES:

    *Marc S. Triplett*  for Appellant

    *Eric C. Stewart*  for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Robert Stevens, appeals the judgment of the Court of Common Pleas of Logan County denying his motion to dismiss. On appeal, Stevens argues that the trial court erred by finding that no prejudicial delay resulted from the State's negligence and denying his motion to dismiss for want of a speedy trial. For the reasons that follow, we affirm the trial court's judgment.

{¶2} The Logan County Sheriff's Office suspected that Stevens was viewing child pornography after receiving a tip from the Internet Crimes Against Children Task Force. On December 1, 2011, the Logan County Sheriff's Office obtained and executed a warrant to search Stevens' home for computers and electronic storage devices. They seized five computers from Stevens' home along with other electronic storage items. Stevens cooperated with police officers and confessed to viewing and downloading child pornography on his computer over the past two to three years. He admitted that his computer contained hundreds of illegal photographs and that he was the only person who used his computer.

{¶3} On December 6, 2011, a complaint was filed in the Bellefontaine Municipal Court charging Stevens with one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), a felony of the fourth degree, and one count of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(3), a felony of the fifth degree. On December 9,

2011, Stevens was granted a recognizance bond and this matter was bound over to the Court of Common Pleas.

{¶4} The Logan County Sheriff's Office submitted two of Stevens' laptop computers to the Bureau of Criminal Investigation ("BCI"). These computers were analyzed, but no illegal images were found. As a result, on April 4, 2012, the State filed a motion to dismiss the charges against Stevens, which was granted the same day. Sometime in early 2013, the Logan County Sheriff's Office realized that it had neglected to send Stevens' three other computers to BCI to be tested. In March of 2013, BCI found evidence of child pornography on these computers.

{¶5} On July 9, 2013, the Logan County Grand Jury indicted Stevens on six counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(3), felonies of the fifth degree, and three counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), felonies of the fourth degree.

{¶6} Stevens then filed a motion to dismiss on October 8, 2013, alleging that the State had violated his constitutional right to a speedy trial because over 15 months had passed between the filing of his complaint and his indictment. The State filed its memorandum contra to Stevens' motion to dismiss on October 28, 2013.

{¶7} On November 1, 2013, Stevens waived his statutory right to a speedy trial, but preserved his constitutional right to a speedy trial. *See* (Docket Nos. 35, 36).

{¶8} On November 6, 2013, the trial court denied Stevens' motion to dismiss. In denying his motion, the trial court stated that even though a delay of more than one year is presumptively prejudicial, "The presumption is rebuttable. When one asks what is the prejudice to this Defendant, the answer is none." (Docket No. 37, p. 3).

{¶9} On February 24, 2014, pursuant to a plea agreement, Stevens pled no contest to two counts of illegal use of a minor in nudity-oriented material and one count of pandering sexually-oriented material. The State dismissed the remaining counts of the indictment. On March 31, 2014, the court sentenced Stevens to six months in jail, subject to work release, and five years of community control.

{¶10} Stevens filed this timely appeal, presenting the following assignment of error for our review.

*Assignment of Error*

**THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS FOR WANT OF A SPEEDY TRIAL.**

{¶11} In his sole assignment of error, Stevens argues that the trial court erred in denying his motion to dismiss due to a speedy trial violation. Specifically,

Stevens argues that the trial court erred by requiring Stevens to show that he was prejudiced by the State's delay. We disagree.

{¶12} The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." This right "is fundamental and imposed on the states by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *State v. Walker*, 10th Dist. Franklin No. 06AP-810, 2007-Ohio-4666, ¶ 12, citing *Klopfer v. North Carolina*, 386 U.S. 213, 222-223, 87 S.Ct. 988 (1967). The Ohio Constitution provides similar protections to criminal defendants. Ohio Constitution, Article I, Section 10.

{¶13} However, it is well established that the Sixth Amendment guarantee to a speedy trial does not apply until the defendant becomes "an 'accused[.]' " *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455 (1971). Only when the accused is formally indicted, or is arrested and being held to answer a criminal charge, will "the particular protections of the speedy trial provisions of the Sixth Amendment" be triggered. *Id.* at 320; *see also United States v. MacDonald*, 456 U.S. 1, 3, 8-9, 102 S.Ct. 1497 (1982) ("[N]o Sixth Amendment right to a speedy trial arises until *charges are pending*."). "Once charges are dismissed, the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation." *Id.*

Case No. 8-14-09

This same principle applies to a defendant's statutory right to a speedy trial. *See State v. Broughton*, 62 Ohio St.3d 253, 258 (1991) (statutory right to speedy trial not violated when State dismisses a complaint or indictment but uses the same underlying facts to provide the basis for a new indictment at a later date); *State v. Spratz*, 58 Ohio St.2d 61, 62 (1979) (the speedy-trial statute was tolled following a nolled indictment until the date of reindictment); *City of Westlake v. Cougill*, 56 Ohio St.2d 230, 233 (1978) (tolling speedy-trial statute during the time between a nolle prosequi of a misdemeanor charge and the second filing a misdemeanor charge arising from the same conduct).

{¶14} Here, the original complaint charging Stevens with criminal conduct was filed on December 15, 2011, and four months later, in April of 2012, the State filed a motion to dismiss the complaint. The Logan County Grand Jury indicted Stevens on the charges that give rise to this appeal on July 19, 2013. Stevens argues that the delay in prosecution from December 15, 2011 to July 19, 2013 resulted in a violation of his speedy trial rights. However, there was no official proceeding between April of 2012 and July 19, 2013, because the State had voluntarily dismissed the complaint against Stevens. Since there was no official proceeding, Stevens' Sixth Amendment rights could not have been violated during that time period.

{¶15} In the alternative, Stevens argues that even if this court only considers the time period when charges were pending against Stevens, we would still find that his constitutional right to a speedy trial was violated because such time still totaled 12 months, which is presumptively prejudicial. When a criminal defendant claims a violation of his constitutional right to a speedy trial, the United States Supreme Court has pronounced a balancing test for courts to use. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182 (1972). In *Barker*, the Court held that courts should assess four factors when evaluating speedy-trial violations: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Id.*

{¶16} *Barker* stated that the first factor, the length of the delay, is a "triggering mechanism." *Id.* "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* The Supreme Court has clarified that "in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett v. United States*, 505 U.S. 647, 652, fn. 1, 112 S.Ct. 2686 (1992). Only when the delay is presumptively prejudicial do courts need to analyze the remaining three factors. *Id.* Courts have

found that a delay is considered presumptively prejudicial as it approaches one year.  *Id.*; *State v. Miller*, 10th Dist. Franklin No. 04AP-285, 2005-Ohio-518, ¶ 12.

{¶17} The second *Barker* factor to consider is "the reason the government assigns for the delay."  *State v. Triplett*, 78 Ohio St.3d 566, 569 (1997).  "[D]ifferent weights should be assigned to different reasons.  A deliberate attempt to delay a trial in order to hamper the defense should be weighted heavily against the government."  *Barker* at 531.  However, a diligently pursued prosecution that is delayed for a valid reason, such as a missing witness, will not be weighted heavily against the government.  *Id.*  When the defendant is the cause of the delay, the factor is weighted against the defendant.  *Triplett* at 570.

{¶18} The third factor considers the defendant's assertion of his or her right to a speedy trial.  "Generally, when the defendant has filed a motion to dismiss based on speedy trial violations, courts will weigh the third *Barker* factor in the defendant's favor."  *State v. Watson*, 10th Dist. Franklin No. 13AP-148, 2013-Ohio-5603, ¶ 29, citing *State v. Johnson*, 12th Dist. Butler No. CA2011-09-169, 2013-Ohio-856, ¶ 40.  A defendant's failure to assert the right will make it difficult for a defendant to prove that he or she was denied a speedy trial.  *Barker* at 532.

{¶19} The fourth factor of *Barker* concerns prejudice.  In assessing prejudice, the Supreme Court has recognized three interests that the right to a

speedy trial was designed to protect. *Id.* Those interests are to: (1) prevent oppressive pretrial incarceration; (2) minimize anxiety and concern of the accused; and (3) limit the possibility that the defense will be impaired. *Id.* "Of these forms of prejudice, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.' " *Doggett* at 654, quoting *Barker* at 532. Impairment of one's defense is also the most difficult form of prejudice to prove "because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' " *Doggett* at 655, quoting *Barker* at 532.

{¶20} Here, Stevens had pending charges against him between the four months when the original complaint was filed and when the State dismissed the complaint. Further, Stevens argues that there was an additional delay of eight months between when the State indicted Stevens in July of 2013 and when his jury trial was scheduled in March of 2014. Assuming arguendo that we accept Stevens' computation of time as true and find that it was presumptively prejudicial to permit review, Stevens' argument still fails under the remaining *Barker* factors.

{¶21} Stevens contends that the State is to blame for the delay because it was negligent in failing to send all of Stevens' computers to BCI for testing. Even if we agree that the State was negligent, it was not negligent during the time when an official proceeding was pending against Stevens. Further, Stevens caused the

delay that occurred during the time when charges were actually pending against him. For example, the record shows that the State had scheduled Stevens' trial for November 5, 2013, in order to avoid violating his statutory right to a speedy trial. It was Stevens, not the State, who filed a motion for a continuance and subsequently executed a waiver of his statutory right to a speedy trial. *See* (Docket No. 35). This continuance resulted in the trial being rescheduled for March 13 and 14, 2014. The four-month delay was caused by Stevens and his trial counsel, and therefore, this factor weighs against Stevens.

{¶22} There is no dispute that Stevens filed a motion to dismiss based on speedy trial violations on October 8, 2013. Because Stevens asserted his right to a speedy trial, we will weigh *Barker*'s third factor in Stevens' favor.

{¶23} On appeal, Stevens fails to state how he was prejudiced by any alleged delay by the State. Instead he argues that he does not need to demonstrate prejudice since courts have found that a delay of 12 months in prosecuting a case is presumptively prejudicial. Contrary to Stevens' contention, prejudice is not always presumed. Usually, a defendant must establish actual prejudice before a constitutional right to a speedy trial will be recognized. *State v. Ollivier*, 178 Wash.2d 813, 841 (2013).

{¶24} Stevens argues that the Supreme Court's decision in *Doggett* supports the proposition that a one year delay is presumptively prejudicial under

the fourth *Barker* factor. However, the presumed prejudice *Doggett* referred to was in connection with *Barker*'s fourth factor and is to be distinguished from the threshold presumption of prejudice that triggers the *Barker* analysis. *Id.* at 842, fn. 10. Generally, courts "have found presumed prejudice only in cases in which the post-indictment delay lasted *at least five years*." (Emphasis added.) *United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir.2003). Thus, even if we were to consider the time between the State's original complaint and the scheduled trial date, the "delay" would not be lengthy enough to constitute the extreme delay which warrants the presumption of prejudice. *Compare United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir.2009) (22-month delay does not constitute extreme delay); *Serna-Villarreal* at 232 (delay of three years and nine months is not sufficient for presumed prejudice); *with Doggett* 505 U.S. at 658 (finding presumed prejudice after a government-caused delay of six years); *United States v. Cardona*, 302 F.3d 494, 499 (5th Cir.2002) (finding presumed prejudice after a delay of five and one half years); *United States v. Brown*, 169 F.3d 344, 350 (6th Cir.1999) (finding presumed prejudice after a five and one half year delay). Therefore, the burden was on Stevens to prove that he was prejudiced by the delay.

{¶25} Here, Stevens was not incarcerated while charges were pending and his ability to provide a defense was not impaired. He does not claim that any

defense witnesses had died or disappeared during the delay, nor does Stevens argue that his memory of the alleged events was impaired due to the passing of time. Indeed, Stevens had already confessed to police officers that he downloaded illegal images and that he was the only person who used his computers. Further, after the State dismissed the complaint against Stevens, he was under no more stress or anxiety than any other citizen under investigation. *See United States v. Hillegas*, 578 F.2d 453, 458 (2d Cir.1978) ("After the Government's dismissal of the complaint against him appellant * * * was not subject to public obloquy, disruption of his employment or more stress than any citizen who might be under investigation but not charged with a crime."); *Barker* 407 U.S. at 534 (finding that defendant was only minimally prejudiced by having to live "under a cloud of suspicion and anxiety" for four years). As such, any prejudice was minimal and this factor weighs against Stevens.

{¶26} In conclusion, we find that Stevens' constitutional right to a speedy trial was not violated. During a significant portion of the "delay" there were no pending charges against Stevens. Even when there were pending charges against Stevens, any delay was attributable to him. Lastly, Stevens has not shown, and we cannot find, that he was prejudiced by any such delay.

{¶27} Accordingly, we overrule Stevens' sole assignment of error.

{¶28} Having found no error prejudicial to Stevens in the particulars assigned and argued, we affirm the trial court's judgment.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**